UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ERNEST TOPE, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) No. 1:05-CV-114 SEB-JMS |
| | ) |
| J. DAVID DONAHUE, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**ORDER FINDING PRIVATE SETTLEMNT TO BE A FAIR, REASONABLE, AND ADEQUATE SETTLEMENT PURSUANT TO RULE 23(e)**

This cause comes before the Court on the filing of a Private Settlement Agreement and the parties' request that this Court deem the Private Settlement Agreement to be a fair, reasonable and adequate settlement pursuant to Rule 23(e) of the Federal Rules of Civil Procedure. Additionally, the named plaintiff has requested that his individual claims for damages be dismissed if this Court finds that the Private Settlement Agreement is fair, reasonable, and adequate.

On October 9, 2007, this Court held a fairness hearing to determine whether the settlement is fair, reasonable, and adequate. The parties appeared by counsel at the hearing.

Having considered the Private Settlement Agreement, the arguments of counsel at the fairness hearing, the comments of class members, and Court's prior proceedings and record in this matter,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. The Court has jurisdiction over the subject matter of this cause and over all of the parties, including the class members.

2. The class has been given proper and adequate notice of the terms of this proposed settlement.

3. The notice invited class members to notify class counsel of any objections or comments on the proposed dismissal. The notice provided valid and sufficient notice of these proceedings and the matters set forth herein and including information regarding the procedures for making any objections to the Private Settlement Agreement.

4. The notice fully satisfied the requirements of Federal Rule of Civil Procedure 23 and the requirements of due process.

5. The proposed resolution in this case is fair, reasonable and adequate for the following reasons:

> A. This Court's entry of February 28, 2007, notes serious concerns with plaintiffs' standing as well as proof of the harm necessary to demonstrate an Eighth Amendment violation. The settlement achieves significant relief and protection against the harms alleged to have occurred in the lockdown that gave rise to this litigation. Therefore, the strength of the case compared to the settlement weighs in favor of approving the settlement.
>
> B. The complexity, length and expense of continued litigation weigh in favor of finding that the settlement is fair, reasonable, and adequate. This case has been pending since January of 2005. Without a settlement the case would likely need to be tried. Plaintiffs would need to present

expert testimony which defendant would need to rebut. An appeal might occur of any adverse determination. The settlement prevents this expense and uncertainty.

C. The Private Settlement Agreement has received only limited objections from the class.

D. There is no evidence of any collusion between the parties in agreeing to settlement of this action. The Court is satisfied that the Private Settlement Agreement is the product of arms-length negotiation.

E. The opinion of class counsel that this case should be settled with a private settlement agreement weighs in favor of dismissing the case. Counsel is experienced in class action litigation and believes that the settlement is fair.

F. The stage of the proceedings weighs in favor of approving the Private Settlement Agreement. The case has been ongoing since January of 2005. Given that the settlement provides for final relief, further protracted delay in bringing this matter to a close is unwarranted.

For the foregoing reasons, the Court finds that the Private Settlement Agreement is fair, reasonable, and adequate and is therefore deemed to be EFFECTIVE as of this date, and,

IT IS FOUND that pursuant to paragraph 19 of the Private Settlement Agreement, any future concerns of individual members of the class concerning compliance with the terms of the Agreement shall be sent directly to class counsel and not to the Court.

IT IS FUTHER FOUND that if in the future the defendants believe that, due to changed circumstances, the Agreement should be altered or modified, they may seek to do so in the courts of the State of Indiana pursuant to contract principles.

IT IS FURTHER ORDERED that Ernest Tope's individual damages claims in this case are DISMISSED with prejudice.

IT IS FURTHER ORDERED that consistent with the terms of the Private Settlement Agreement that the remainder of this case is dismissed without prejudice and this matter is CLOSED.

IT IS FURTHER ORDERED that copies of this Order shall be distributed to all members of the class on a date chosen by the defendants and further that a copy of this Order shall be posted in each portion of I-Complex where it will be visible to the class members and this Order shall also be distributed to the appropriate staff of the Indiana Department of Correction.

 10/15/2007
Date

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

cc:

Kenneth J. Falk
ACLU of Indiana
kfalk@aclu-in.org

David A. Arthur
Deputy Attorney General
David.Arthur@atg.in.gov

Eric James Beaver
Deputy Attorney General
eric.beaver@atg.in.gov